W. S. BRYAN to the use of JEROME RICKS *v.* W. D. HARRISON *et al.*

Where, under a parol contract for the purchase of land in January, 1862, the purchaser took possession, and in September of the same year gave his note for the purchase money with interest from the preceding January: *It was held,* That in a suit upon the note, the value of the land and not the value of Confederate currency according to the legislative scale, was the amount which the plaintiff was entitled to recover.

This was a CIVIL ACTION upon a note given for the purchase of a tract of land, and upon the trial before his Honor, *Watts, J.,* at the August Term, 1872, of the Superior Court of NASH county the plaintiff obtained a verdict and judgment, from which the defendants appealed. The case is sufficiently stated in the opinion of the Court.

*J. J. Davis,* for the defendants.
*Moore & Gatling,* for plaintiff.

SETTLE, J. The case, settled by the attorneys of the parties, shows that it was in evidence upon the testimony of Bryan that in January, 1862, one Earle and the said Bryan made a contract not in writing, by which the said Bryan was to sell to the said Earle 219 acres of land for $3,300, to be paid for in cotton at ten cents per pound as far as the quantity of cotton which the said Earle had would go, and the balance in notes. That the cotton was worth ten cents per pound in specie in January, 1862, and that there was no difference in January, 1862, between the value of Confederate money and specie in his section of country. That this contract was not complied with by the said Earle, who had been put into possession of the land, and the said Bryan had endeavored to eject him, but had failed. Afterwards, to-wit: on the 10th of September, 1862, the said Earle executed two notes to the said Bryan, with the defendants as sureties, one for $2,100 and the other for $1,200, each bearing

interest from January 1, 1862, in payment for said land. The note for $1,200 had been assigned to the plaintiff, and is the subject of the present suit. Nothing was said about the currency in which the note was to be paid. The defendants offered evidence to show the value of the land, which was objected to by the plaintiff, and his Honor sustained the objection. The defendant then asked his Honor to charge that the scale of depreciation of September, 1862, applied to the note. This his Honor declined to do. The defendants then asked him to charge that the scale of January, 1862, applied. This was also refused.

His Honor then instructed the jury that if they believed the facts as stated by the witness Bryan, as above set forth, the plaintiff was entitled to recover the sum of $1,200, with interest from January 1, 1862.

There was a verdict and judgment in favor of the plaintiff in accordance with his Honor's charge.

The plaintiff contends that although the note bears date in September, 1862, it is but the evidence of the contract made in January, 1862, and the ordinance of October 18, 1865, and the legislation of 1866, chap. 38 and 39, do not apply.

The defendant, on the other hand, contends that the contract of January, 1862, was abandoned, as is shown by the fact that Bryan actually attempted to eject Earle, whom he had let into possession, and that in September a new contract was made, with which they became connected as sureties for the purchase money. That if there was a contract in January they were no parties to it, nor to any other contract previous to the 10th of September, 1862. That the alleged contract in January stipulated for the payment of certain cotton, whereas the contract in September was silent as to cotton, and was for notes. It may be remarked here that there is not one word in the case to show that any cotton ever passed in payment of the $2,100 note.

But the plaintiff contends that as the notes bore interest from January, 1862, we must conclude that they were a part of that contract.

This does not follow. It is more reasonable to suppose that interest was intended to answer for the rents and profits which Earle had enjoyed.

We think it clear, after an examination of the decisions on this subject since the ordinance of 1865 and the legislation of 1866, that the defendants can only be held liable upon their contract in September, 1862, and that they ought to have been allowed to show the value of the land for which their note was given. But his Honor virtually took the whole case from the jury, and declared that if they believed the evidence, the plaintiff was entitled to recover the full amount of the note, whereas, upon his own showing, he could only hold these defendants responsible for the value of the land.

There must be a *venire de novo*.

PER CURIAM.                    Judgment reversed.